[No. 15203.   Department One.   October 28, 1919.]

W. R. ABERCROMBIE, *Respondent,* v. W. E. CULLEN *et al.,*
*Appellants.*[1]

CORPORATIONS (57)—STOCK—TRANSFERS—CONTRACTS—ACTIONS. It
is no defense to an action for a refund due the buyer of mining
stock that, after its purchase, he received more than the purchase
price from a third person upon a forfeited option given on the
stock, since that was his own affair.

MINES AND MINERALS (17, 19-1)—CONTRACTS—SALE AND DEVELOP-
MENT. Upon an issue as to the terms of a contract for the develop-
ment and sale of mining claims, which defendants claim left plain-
tiff indebted to them, held that conflicting evidence preponderates
in favor of the plaintiff, in view of the fact of defendants' borrowing
money from and making a payment to plaintiff at the time of plain-
tiff's alleged indebtedness to them.

Appeal from a judgment of the superior court for
Spokane county, Blake, J., entered May 2, 1918, upon
findings in favor of the plaintiff, in an action on con-
tract, tried to the court.   Affirmed.

*Lee & Kimball,* for appellants.
*Davies & Adams,* for respondent.

MITCHELL, J.—Plaintiff sued on two causes of action.
The first was on a promissory note in the sum of two
thousand dollars, made and delivered by defendant
W. E. Cullen to plaintiff.   The second was on a writ-
ten contract between plaintiff and W. E. Cullen,
whereby plaintiff, in consideration of six thousand two
hundred and fifty dollars paid by him, purchased sixty
thousand shares of the capital stock of a mining cor-
poration of Montana, in which Cullen was interested,
upon the promise of Cullen that later on he would
repay plaintiff one thousand seven hundred and fifty
dollars.   Only one thousand five hundred dollars hav-

[1]Reported in 185 Pac. 595.

ing been repaid, the action was for the recovery of the remaining two hundred and fifty dollars. Defendants, by way of answer, say the note was given solely for the accommodation of plaintiff, to be used as collateral in procuring money to be used by plaintiff in the development of mining properties in Oregon; and that the promise to pay the two hundred and fifty dollars, pleaded in the second cause of action, was purely gratuitous on the part of defendants, who received no benefits whatever therefrom. Further answering, defendants set up three counterclaims, which were traversed by a reply. There was a trial to the court without a jury, resulting in a judgment in favor of plaintiff, from which defendants appealed.

As to the second cause of action, appellants, in their brief, say that, after respondent purchased the sixty thousand shares of mining stock, six thousand five hundred dollars was paid to him by a third party for an option thereon at a purchase price of forty thousand dollars, that the option was not exercised and the six thousand five hundred dollars were forfeited to respondent, which is in excess of the amount he paid for the stock, which he still owns. Respondent's dealings with his own property as he saw fit in no way relieved appellants. If he had received all of the forty thousand dollars from the third party to whom he gave the option, it was his affair, and still he could collect from appellants what they, for a good consideration, had promised to pay.

The complaint in this cause was served on July 3, 1916. Thereafter, and about January 26, 1917, appellants paid respondent five hundred dollars which he indorsed as a credit upon the two thousand dollar note sued on. Later, in the amended and supplemental answer, which was served and filed on December 3, 1917, it was alleged, as an affirmative defense and

counterclaim, that the five hundred dollars was paid upon the representation of respondent it would be received for the purpose of an extension of time for the settlement of all the business affairs between the parties and accounted for in such settlement, but that respondent had refused and neglected to make any settlement and had thus fraudulently obtained the five hundred dollars. On the contrary, respondent replied the five hundred dollar payment was made for no such purpose, but only as a credit on the two thousand dollar note. Upon this issue the trial court found for the respondent, and we are satisfied the finding was correct.

The only remaining point of controversy between the parties in this court—and it is the principal one in the whole case—arises out of the fourth affirmative answer and counterclaim, which is denied by respondent. Appellants alleged that, at the solicitation of respondent, who was the owner of a group of mines in Oregon, appellants agreed to continue the development of the mines to a specified state, with the understanding that the cost, if above six thousand dollars, was to be borne equally, and when the work was completed respondent was to convey to appellants an undivided one-half interest in the mines; that, pursuant to the agreement, appellants completed the work at an expense of seventeen thousand dollars and demanded of respondent a settlement and a deed of conveyance, both of which were refused. On the other hand, respondent contends a written offer by him to the effect the appellants, at their own expense, were to prosecute the work to a specified state of development, when, should the ore body warrant it, appellants, at their own expense, were to patent the mining claim in consideration of a deed to an undivided one-half interest, was the only offer ever made or consented to in any

manner by him and the one under which appellants made all their expenditures, at the close of which they abandoned the enterprise and sold or removed all the supplies, material and equipment as their own; that appellants have never completed the work according to the offer of respondent, who is in no way obligated to them. It is apparent this is but an issue of fact, with the burden of proof upon the appellants. The evidence is voluminous and difficult of reasonable reduction with clearness. The consideration of it satisfies us it more strongly supports respondent's contention. We notice two things especially tending to confirm such view: First, the five hundred dollar payment made on the note six months after the action was brought, erroneously claimed in the answer nearly a year later to have been paid in connection with the alleged partnership mining account, the condition of which at that time, according to appellants' present claim, should have suggested a payment from the respondent; second, the circumstance of appellants' borrowing two thousand dollars from respondent, for which the note in suit was given on November 22, 1915, which as shown by the evidence was to be used, and was used, by appellants, not respondent, in the development of the mines at a time when, as the proof shows, appellants' expenditures, together with the two thousand dollars borrowed, amounted to about one thousand dollars in excess of the six thousand dollar limit of separate liability claimed, and was thereafter followed by the further investment of ten thousand dollars without any call whatever upon the respondent to contribute.

Being satisfied the findings and judgment of the court are correct, the judgment is affirmed.

HOLCOMB, C. J., MACKINTOSH, TOLMAN, and MAIN, JJ., concur.